IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACY BING, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PLATEAU EXCAVATION, INC. | |
| Defendant. | |

# COMPLAINT FOR DAMAGES

COMES NOW, ("Plaintiff" or "Bing"), by and through undersigned counsel, and files this, Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant ("Defendant") for violations of rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 17, 2021. Upon Plaintiff's request, the EEOC issued its Notice of Right to Sue on March 21, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CSC of Cobb County, Inc. located at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

**FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant on or about August 2015 as a dump truck operator.

11.

Plaintiff suffers from a disability of which Defendant had knowledge at all times relevant. Specifically, Plaintiff lost his right arm in 2016 and therefore suffers from a lost limb.

12.

In January 2020, Shane Thornton ("Thornton") became Plaintiff's direct supervisor. As soon as Plaintiff and Thornton began working together, Thornton began making derogatory comments about Plaintiff having one arm and the harassment continued weekly.

13.

Thornton intentionally assigned tasks not within Plaintiff's job description that would be very difficult for Plaintiff given his disability, such as shoveling dirt and mud out of four city blocks. Thornton also assigned broken equipment to Plaintiff because he knew Plaintiff could not climb said equipment easily with one arm.

14.

In March 2021, Plaintiff reported Thornton's discriminatory treatment to Defendant's Human Resources ("HR") Manager, Shelly McCoy. Plaintiff was assigned a new supervisor, but Thornton still oversaw Plaintiff's work. During the course of the months that followed, Thornton watched Plaintiff's work closely in an apparent attempt to find a reason to terminate Plaintiff.

15.

On or about August 18, 2021, Plaintiff reported a coworker who was staring at his arm to Thornton. Thornton responded by sending Plaintiff home for the day.

16.

On or around August 18, 2021, Plaintiff complained to HR regarding Thornton's treatment and expressed Plaintiff's concern that Thornton was retaliating against Plaintiff for his disability discrimination complaint from March, to which HR responded his complaint would be forwarded to the corporate office.

17.

On September 2, 2021, Plaintiff accidentally bumped into a utility trailer. These kinds of incidents are common among employees, but those non-disabled employees that had such accidents were not terminated.

18.

September 3, 2021, Plaintiff was terminated, and Defendant claimed the termination was for bumping into a utility trailer.

19.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for unlawful discrimination and retaliation in violation of the ADA. Plaintiff is an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

20.

Defendant terminated Plaintiff because of his disability, percieved disability, and/or in retaliation for Plaintiff engaging in protected activity.

21.

But for Plaintiff's disability status and/or protected activity, Plaintiff would not have suffered the adverse employment action.

22.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class.

## CLAIMS FOR RELIEF

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

23.

Plaintiff re-alleges paragraphs 1-22 as if set forth fully herein.

24.

Plaintiff had a physical impairment which substantially limited one or more major life activities including but not limited to moving, lifting, pulling, and working.

25.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

26.

Defendant was aware of Plaintiff's disability.

27.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

28.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

29.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

30.

Defendant terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

31.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

33.

Defendant treated other employees outside Plaintiff's protected class differently.

34.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

35.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of an equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

37.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

38.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

39.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

40.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

41.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) and (b).

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

42.

Plaintiff re-alleges paragraphs 1-41 as if set forth fully herein.

43.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

44.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

45.

Defendant was aware of Plaintiff's disability.

46.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

47.

Defendant terminated Plaintiff for requesting an accommodation for his disability and/or perceived disability.

48.

Plaintiff's request for an accommodation of his disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

49.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

50.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

51.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

52.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

53.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

54.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

55.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

56.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

57.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which may be entitled.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*

V. Severin Roberts
Georgia Bar No. 940504

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACY BING,<br><br>  Plaintiff,<br><br>v.<br><br>PLATEAU EXCAVATION, INC.<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served Plaintiff Tracy Bing's Complaint to all counsel of record via electronic mail to all counsel of record.

This 18st day of April, 2022.

s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504